Michael Maragoudakis, Esq. (MM8088)
Louis R. Martinez, Esq. (LM9155)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SVETLANA KAZANSKAYA,<br><br>                Plaintiff,<br>-against-<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>                Defendant. | Case No.:  20 CV 3459<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**ECF CASE** |

        Defendant JETBLUE AIRWAYS CORPORATION (hereinafter "JETBLUE"), by its attorneys, Martinez & Ritorto, P.C., for removal of this action from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York, respectfully shows this Honorable Court:

        1.        The Summons and Complaint in this action were served on JETBLUE via the New York Secretary of State on June 18, 2020; a true copy of the Proof of Service is attached hereto as Exhibit "A" and made a part hereof.

        2.        True copies of the Summons and Complaint, which were received by JETBLUE on or about July 20, 2020, are attached hereto as Exhibit "B" and made a part hereof.

3.      That, upon information and belief, the aforementioned Summons and Complaint were the first and only pleadings delivered to JETBLUE in the said action.

4.      That the above-referenced action is a civil action allegedly arising out of bodily injuries sustained by Plaintiff on or about July 28, 2018, while disembarking a JETBLUE flight from Punta Cana, Dominican Republic to JFK International Airport in Jamaica, New York.

5.      That the instant Notice of Removal is filed within thirty (30) days after JETBLUE first received a copy of Plaintiff's Complaint from which JETBLUE could first ascertain that the action was removable.

## BASIS FOR REMOVAL

6.      That the basis for removal is that this action is one over which the District Courts of the United States have original jurisdiction by reason of Federal Question Jurisdiction under Title 28, United States Code, Section 1331 on the basis that the Montreal Convention, *reprinted in* S. Treaty Doc. No. 106-45, preempts state law standards governing aviation safety and flight operations concerning international flight. (See also Biscone v. JetBlue Airways Corp., 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction."). According to the allegations contained in the Complaint, Plaintiff was aboard and in the process of disembarking an international flight from the Dominican Republic to New York. Plaintiff's First Cause of Action in her Complaint seeks damages under Articles 17 and 21 of the Montreal Convention. Therefore, by virtue of the

provisions of Title 28, United States Code, Section 1441(a), the entire case is one that may be removed to this Court.

WHEREFORE, Defendant respectfully submits that: 1) this Notice complies with the statutory removal requirements; 2) this action should proceed in this Honorable Court as a properly removed action; and 3) Defendant should have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 31, 2020

**MARTINEZ & RITORTO, P.C.**

/S Michael Maragoudakis
By _____
Michael Maragoudakis, Esq. (MM8088)

Louis R. Martinez, Esq. (LM9155)
30 Wall Street, 8th Floor
New York, New York 10005

*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION

TO:

Anthony J. Forzano, Esq.
THE FORZANO LAW FIRM
Office & P.O. Address
271 Avenue U
Brooklyn, N.Y. 11223
AJF@ForzanoLaw.com

*Attorneys for Plaintiff*